UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FISK ELECTRIC COMPANY | CIVIL ACTION |
| VERSUS | NO. 13-86 |
| WOODROW WILSON CONSTRUCTION COMPANY | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court is Plaintiff Fisk Electric Company's "Motion for Partial Summary Judgment" (Rec. Doc. 39). On the showing made, **IT IS ORDERED** that Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

1

nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for

2

summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. <u>Analysis</u>

With its motion, Plaintiff seeks an award of the $555,397.17 balance allegedly owed to it pursuant to a subcontract for labor and materials entered into by it and Defendant. Having carefully reviewed the parties' submissions, the Court finds Plaintiff's motion should be granted in part and denied in part. Specifically, because Defendant's counterclaims are not liquidated, its affirmative defense of setoff lacks merit. *See, e.g. American Bank v. Saxena,* 553 So. 2d 836, 944 (La. 1989)(internal citations omitted). Further, although Defendant's submissions reflect an evolving series of technical defenses to payment, it does not assert, except with respect to $6,700 in punch list items, that Plaintiff did not complete the work that it was contracted to do, or that Defendant, as prime contractor, did not receive payment in full from the owner, Orleans Parish School Board ("OPSB"), for the work completed by Plaintiff. *See* Rec. Doc. 57, at p. 2; Rec. Doc. 57-3, at ¶¶ 6, 7, and 10. Nor is it evident that Defendant mandated compliance with certain of the

subcontract's documentary obligations, including submission of work summaries, relative to other of Plaintiff's payment applications that Defendant previously processed and paid. *See* Rec. Doc. 57-3, ¶5; Rec. Doc. 49-3, at ¶7. The same is true of Defendant's assertion that Plaintiff's payment applications #18 and #19, which undisputedly were provided to Defendant during discovery, if not before, are not signed by an employee of Plaintiff. *See* Rec. Doc. 57, at p.1.

On the other hand, Defendant's latest submission maintains that Plaintiff has not submitted evidence that it turned over its work to Defendant "free and clear of all claims, liens, and encumbrances," in accordance with Article 7, "Final Payment," of the subcontract, and, significantly, that Defendant had to "bond off" a lien claim recorded by one of Plaintiff's subcontractors, Chubb Fire and Safety, in order to receive further payments under the prime contract from the OPSB. *See* Rec. Doc. 57, at p. 2; Rec. Doc. 57-3, ¶¶ 6, 9 and 10. Although the matter of Chubb's lien claim may ultimately prove to be of no import to Plaintiff's claim to the subcontract balance, this is not demonstrated in Plaintiff's summary judgment submissions.

Accordingly, considering the foregoing law and facts, the Court finds Plaintiff to be entitled to partial summary judgment in the amount of $466,625.89, which represents the claimed subcontract balance of $555,397.17, less the $6,700 in punch list items and the $82,071.28 lien claim referenced above. Otherwise, on the showing made, Plaintiff has not met its summary judgment burden relative to the remaining $88,771.28 that it seeks. Accordingly, for the reasons stated herein, Plaintiff's motion is granted in part and denied in part.

New Orleans, Louisiana, this 27th day of January 2014.

$$\rule{2in}{0.5pt}$$
**KURT D. ENGELHARDT**
**United States District Judge**