UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FISK ELECTRIC COMPANY | CIVIL ACTION |
| VERSUS | NO. 13-86 |
| WOODROW WILSON CONSTRUCTION COMPANY, INC.<br>  and HANOVER INSURANCE COMPANY | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court are the parties' submissions relative to the issue of whether a penalty and/or attorney's fees are to be awarded pursuant to the Louisiana Prompt Pay Statute, La. R.S. 9:2784. See Rec. Docs. 73-75.[1] As stated herein, **IT IS ORDERED** that Plaintiff Fisk Electric Company's motion (Rec. Doc. 75) is **GRANTED IN PART** and **DENIED IN PART**. **IT IS FURTHER ORDERED** that Defendant Woodrow Wilson Construction Company, Inc.'s motion (Rec. Doc. 74) is **DENIED**.

**I. Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts

---

[1] Plaintiff's request for this relief is set forth in Count Three of its Amended Complaint (Rec. Doc. 41). See Stipulations (Rec. Doc. 73), ¶40. The parties reached a settlement of Counts One and Two of Plaintiff's Complaint and Amended Complaint, and the counterclaims asserted by Defendant and co-defendant Hanover Insurance Company, on or about February 4, 2014. See Stipulations (Rec. Doc. 73), ¶¶ 40-41.

is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587(1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3) ("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II. Analysis**

With its motion, Plaintiff seeks to be awarded the penalty and attorney's fees authorized by the Louisiana Prompt Pay Statute, La. R.S. 9:2784, based on Defendant's failure to pay – between August 20, 2012 and January 13, 2014 – the contract balance of $555,397.17 owed pursuant to a subcontract[2] for labor and materials entered into by it and Defendant.[3]

---

[2] The prime contract is between Defendant and the Orleans Parish School Board. See Stipulations (Rec. Doc. 73), ¶¶ 1-2.

[3] On January 13, 2014, Defendant tendered a check to Plaintiff in the amount of $459, 832.80. See Stipulations (Rec. Doc. 73), ¶ 38. Although the parties did not settle Counts One and Two of Plaintiff's Complaint and Amended Complaint, and the counterclaims asserted by Defendant

3

The statute, La. R.S. 9:2784, provides:

**§2784 Late payment by contractors to subcontractors and suppliers; penalties**

A. When a contractor receives any payment from the owner for improvements to an immovable after the issuance of a certificate of payment by the architect or engineer, or when a contractor receives any payment from the owner for improvements to an immovable when no architect or engineer is on the job, the contractor shall promptly pay such monies received to each subcontractor and supplier in proportion to the percentage of work completed prior to the issuance of the certificate of payment by such subcontractor and supplier, or by the owner if no architect or engineer is on the job. Further, whenever a subcontractor receives payment from the contractor, the subcontractor shall promptly pay such monies received to each sub-subcontractor and supplier in proportion to the work completed.

B. If for any reason the contractor receives less than the full payment from the owner, then the contractor shall be obligated to disperse only the funds received on a prorated basis with the contractor, subcontractors, and suppliers each receiving a prorated portion based on the amount due on the payment.

C. If the contractor or subcontractor without reasonable cause fails to make any payment to his subcontractors and suppliers within fourteen consecutive days of the receipt of payment from the owner for improvements to an immovable, the contractor or subcontractor shall pay to the subcontractors and suppliers, in addition to the payment, a penalty in the amount of one-half of one percent of the amount due, per day, from the expiration of the period allowed herein for payment after the receipt of payment from the owner. The total penalty shall not exceed fifteen percent of the outstanding balance due. In addition, the contractor or subcontractor shall be liable for reasonable attorney fees for the collection of the payments due the subcontractors and suppliers. However, any claim which the court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim.

---

and co-defendant Hanover Insurance Company, until February 4, 2014, Plaintiff's penalty request addresses the time period between August 20, 2012, and January 13, 2014. See Rec. Doc. 75-1. Accordingly, the Court likewise considers this time period.

4

>D. The provisions of this Section shall not be applicable to improvements to an immovable that is used for residential purposes.

As an initial matter, the Court emphasizes that it has carefully reviewed the stipulations and memoranda submitted by the parties regarding the relief sought pursuant to La. R.S. 9:2784. Unfortunately, however, the parties' submissions do not provide sufficient information for the Court to determine, with specificity, the entirety of the exact amounts and chronology of the work completed by Plaintiff, the exact dates on which Defendant sought and received payment, in full, pursuant to the prime contract, for the work completed by Plaintiff, or the exact dollar amounts and dates on which Plaintiff affirmatively sought payment from Defendant.

Nevertheless, the Court, considering its prior rulings (Rec. Doc. 61) on Plaintiff's motion for partial summary judgment, and construing the additional information now presented by the parties in the light most favorable to Defendant, as well as drawing all reasonable inferences in Defendant's favor, is able to conclude that Defendant lacked "reasonable cause" for not paying Plaintiff in the amounts and for the time periods specified below. Accordingly, Plaintiff is entitled to the monetary penalty authorized by La. R.S. 9:2784. Given this determination, the Court likewise concludes that Defendant is not entitled to the award of attorney's fees and costs sought by it pursuant to La. R.S. 9:2784(C).

Plaintiff is additionally entitled to recover the reasonable attorney's fees incurred by it in collecting the payments due to it under to the subcontract. Given that La. R.S. 9:2784 does not <u>expressly</u> authorize recovery of attorney's fees incurred in seeking the penalties and attorney's fees allowed thereunder, however, those fees shall <u>not</u> be included in the amount to be awarded to Plaintiff.

Specifically, **IT IS ORDERED** that Plaintiff's motion is **GRANTED** to the extent that the Court finds Defendant owes Plaintiff a statutory penalty of one-half of one percent of the amount due, per day, for the following sums and time periods:[4]

(1) <u>8/20/12 - 1/13/14</u>:[5] The unpaid amount billed in Fisk Application for Payment Nos. 18 and 20, totaling $145,829.70,[6] <u>less</u> the amount of (a) the Sworn Statement of Claim and lien filed by Plaintiff's subcontractor, Chubb, A UTC Fire and & Security Company ("Chubb") on June 15, 2012, totaling $82,071.28;[7] (b) Defendant's $61,383.37 counterclaim, as valued by its expert;[8] (c) the outstanding "punch list" amount attributable to Plaintiff during this time period;[9] and (d) the premium cost incurred by Defendant to obtain a bond for Chubb's lien.[10]

---

[4] The total amount owed is, of course, capped by the statutory maximum of 15% of the outstanding balance due. See La. R.S. 9:2784(C).

[5] This time period reflects the August 20, 2012 and January 13, 2014 dates utilized by Plaintiff in the memorandum supporting its motion. See Rec. Doc. 75-1.

[6] See Rec. Doc. 74-1, pp. 4-5,10 and 13, nn. 6-7 and 13. Although Defendant contends that it did not receive Plaintiff's Application for Payment Nos. 18 and 19 during this time period, the amounts billed in those applications are reflected in Plaintiff's Application for Payment No. 20, dated March 14, 2012, which Defendant received prior to the June 20, 2012 recordation of Plaintiff's Statement of Claim. See Rec. Doc. 74-1, pp. 5 and 10; Rec. Doc. 49-3, ¶9. Defendant additionally contends that its payment for the work billed in Plaintiff's Application for Payment No. 19 was included in the amount that it paid to Plaintiff on April 4, 2012. See Rec. Doc. 74-1, p. 4, n. 6; see also Stipulations (Rec. Doc. 73), ¶¶ 14-15.

[7] See Stipulations (Rec. Doc. 73), ¶ 19.

[8] See Rec. Doc. 74-1, p. 11.

[9] Defendant contends that amounts for "punch list work" were deducted from the payments received by it in August and October 2012. See Rec. Doc. 82-2, pp. 1-2.

[10] See Rec. Doc. 82, p. 4; Rec. Doc. 82-2, p. 3.

6

(2) <u>1/16/13 - 1/13/14</u>: The unpaid subcontract balance owed as January 16, 2013,[11] <u>less</u> the amount of (a) the Sworn Statement of Claim and lien filed by Chubb on June 15, 2012, totaling $82,071.28;[12] (b) Defendant's $61,383.37 counterclaim, as valued by its expert; (c) the outstanding "punch list" amount attributable to Plaintiff during this time period; (d) the premium cost incurred by Defendant to obtain a bond for Chubb's lien; (e) the subcontract retainage amount;[13] and (f) the change order amounts identified as the additional payment amounts sought in Plaintiff's June 6, 2013 Application for Payment No. 21.[14]

(3) <u>11/8/13 - 1/13/14</u>: The unpaid subcontract balance owed as November 8, 2013[15] <u>less</u> (a) Defendant's $61,383.37 counterclaim, as valued by its expert; (b) the outstanding "punch list" amount attributable to Plaintiff during this time period; and (c) the premium cost incurred by Defendant to obtain a bond for Chubb's lien.[16]

---

[11] January 16, 2013 is the date on which Plaintiff commenced this action. See Rec. Doc. 1.

[12] Chubb did not file a motion to dismiss the state court suit commenced by it against Plaintiff and Defendant until June 13, 2013, following Plaintiff's satisfaction of the outstanding amounts owed to Chubb. See Stipulations (Rec. Doc. 73), ¶ 32.

[13] The parties' submissions do not sufficiently make clear the exact date(s) on which Defendant received this sum, the exact payment amount(s) received by Defendant on particular dates, or the exact date of Defendant's first receipt of Plaintiff's June 6, 2013 Application for Payment No. 22, identifying retainage of $266,833.60 as the additional payment amount requested therein. See Rec. Doc. 47-8, pp. 2–6.

[14] See Rec. Doc. 47-8, pp. 7-11. The date on which Defendant was paid for this amount is not made clear in the parties' submissions. The same is true of the date of Defendant's first receipt of Plaintiff's June 6, 2013 Application for Payment No. 21.

[15] This period commences on November 8, 2013, because it is the last date on which Defendant received money for change order work done by Plaintiff that is identified in the parties' stipulations. See Stipulations (Rec. Doc. 73), ¶35.

[16] Although the bond obtained by Defendant for Chubb's lien and claim was not cancelled until December 23, 2013, the amount of the lien and claim are not subtracted for this time

**IT IS FURTHER ORDERED** that Plaintiff's motion is **GRANTED** to the extent that Plaintiff shall be awarded the attorney's fees reasonably incurred by it collecting the additional payments due to it under the subcontract with Defendant.  Within fourteen (14) days from entry of this Order and Reasons, Plaintiff shall submit an application for that award.  Upon its filing, the application shall be referred to the assigned United States Magistrate Judge for preparation of a Report and Recommendation relative to the reasonable monetary amount to be awarded.

**IT IS FURTHER ORDERED** that Plaintiff's motion is **DENIED** to the extent that Plaintiff seeks to recover penalties pursuant to La. R.S. 9:2784 in an amount exceeding that awarded herein.  The award ordered by the Court reflects the amount found appropriate based on the evidentiary showing made.

**IT IS FURTHER ORDERED** that Plaintiff's motion is **DENIED** to the extent that Plaintiff seeks an award of the attorney's fees incurred by it in seeking recovery of the penalties and attorney's fees allowed by La. R.S. 9:2784.  Because recovery of such fees is not <u>expressly</u> authorized by that statute, those fees shall <u>not</u> be included in the amount to be awarded to Plaintiff.

Given the Court's rulings relative to Plaintiff's motion, **IT IS FURTHER ORDERED** that Defendant's motion, seeking an award of attorney's fees and costs pursuant to La. R.S. 9:2784(C), is **DENIED**.

---

period because Chubb had dismissed its state court claims against Plaintiff and Defendant on June 13, 2013, following Plaintiff's satisfaction of the outstanding amounts owed to it.  See Stipulations (Rec. Doc. 73), ¶¶ 32 and 37.

Because the Court does not have the information readily available to calculate the actual dollar amount of the penalties awarded to Plaintiff, as set forth above, **IT IS FINALLY ORDERED** that, within fourteen (14) days from entry of this Order and Reasons, the parties shall submit a stipulation as to that amount.

New Orleans, Louisiana, this 23rd day of January 2015.

_____
**KURT D. ENGELHARDT
United States District Judge**