## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FISK ELECTRIC COMPANY**                                **CIVIL ACTION**

**VERSUS**                                                       **NO. 13-086-KDE-SS**

**WOODROW WILSON, et al**

### REPORT AND RECOMMENDATION

The plaintiff, Fisk Electric Company ("Fisk"), seeks an award of attorneys' fees of $126,137.50.  Rec. doc. 88.  The issue was referred to the assigned Magistrate Judge for preparation of a report and recommendation.  Rec. docs. 86 at 8 and 95.  For the reasons described below, it is recommended that Fisk be awarded fees of $55,920.00.

### BACKGROUND

On January 16, 2013, Fisk filed a complaint against Woodrow Wilson Construction Company, Inc. ("Defendant") and Hanover Insurance Company ("Hanover").  Fisk alleged that: (1) Defendant contracted with the Orleans Parish School Board for a school construction project; (2) Fisk was a subcontractor; (3) Defendant owed Fisk a subcontract balance of $518,109.14; (4) Defendant owed Fisk sums for changes orders; (5) Fisk was owed delay costs of $637,175.00; and (6) the total amount owed was $1,270,433.15.  Rec. doc. 1.

Defendant and Hanover filed answers.  Rec. docs. 5 and 6.  Defendant asserted a counterclaim.  Rec. doc. 11.  There were discovery issues.  Rec. docs. 21 and 36.  Fisk amended its complaint to add a claim for failure to promptly pay as required by La. R.S. 9:2784.  Rec. doc. 41.

On January 27, 2014, Fisk's motion for partial judgment was granted in part and denied in part on its claim for the subcontract balance in the amount of $466,625.89.[1]

---

[1] It did not meet its summary judgment burden relative to $88,771.28 sought by it.  Rec. doc. 61 at 4.

A joint pretrial order was submitted on February 2, 2014.  Rec. doc. 67.  On February 4, 2014, the parties settled some of the claims while reserving others.  Rec. doc. 73 at 6.  The February 10, 2014 trial was canceled.  Rec. doc. 68.

On March 21, 2014, cross-motions for summary judgment on Fisk's prompt payment claim were submitted.  Rec. docs. 74 and 75.  On January 26, 2015, Fisk's motion for penalties was granted as to three periods of time.  The amount of the penalty for each period was not set in the order because the parties provided insufficient information.  From the terms of the order, the parties were able to determine whether a penalty was owed and the amount of the penalty for each period.  Rec. doc. 86 at 6-7.  Fisk's request for attorney's fees incurred in collecting the payments due it under the subcontract was granted; id. at 8, and its request for attorneys' fees incurred in seeking penalties was denied.  Id.  Defendant's motion for fees and costs was denied.  Id.  Fisk's motion for attorneys' fees (Rec. doc. 88) was referred to the undersigned.  Rec. doc. 95.

## ARGUMENTS OF THE PARTIES

Fisk contends that, based on the factors described in Rivet v. State, Department of Transportation and Development, 680 So.2d 1154 (La 1996), the attorneys' fees reasonably incurred by it in collecting the additional amount due it are $126,137.50.  The amount of the award ($466,652.89) is 84% of the amount sought by it ($555,397.17).  The fees sought ($126,000.00) are a small percentage (22%) of its recovery.  The work performed by its counsel was necessary to achieve the result.  Its counsel possessed skill in construction litigation.  The hourly rates for its counsel are reasonable.[2]  The total amount of attorneys' fees incurred by Fisk was $142,100.  It excluded $15,962.50 as fees solely attributable to the pursuit of its delay claim

---

[2] Defendant does not challenge these hourly rates.

2

and certain administrative tasks.  The remaining amount ($126,137.50) was reasonably incurred to collect the subcontract balance.

Defendant contends that Fisk's approach is invalid.  Instead of reviewing each time entry and demonstrating how the time was required to collect the subcontract balance, Fisk reduced its total fees by the amount identified as solely attributable to the delay claim.  Fisk's redactions of its entries leave Defendant unable to determine whether the time was incurred in pursuit of the subcontract balance.  The application should be denied in its entirety.[3]  In the alternative, Fisk is limited to fees incurred during the period from November 8, 2013, through January 13, 2014, that directly relate to the collection of the subcontract balance or about $20,000.  Rec. doc. 96 at 14.

Fisk replies that:  (1) its efforts to collect the subcontract balance began before the litigation commenced; (2) a clear line cannot be drawn between tasks performed to recover the subcontract balance versus tasks performed on other claims; and (3) the fees sought by it were reasonably expended to recover the subcontract balance.  Rec. doc. 102.

## LEGAL AUTHORITIES

The basis for jurisdiction is the diversity of citizenship of the parties.  28 U.S.C. § 1332. The award of fees is made pursuant to La. R.S. 9:2784.  Defendant does not dispute Fisk's contention that the Louisiana Supreme Court's decision in Rivet provides the factors to be considered in determining the reasonableness of the fee.  Ten factors are described in Rivet. They are derived from Rule 1.5(a) of the Rules of Professional Conduct.  The ten factors are:

> [F]actors to be taken into consideration in determining the reasonableness of attorney fees include:  (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge,

---

[3]  While there are issues with Fisk's calculation of the reasonable fee, there is no basis to deny its motion in its entirety.

3

attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.

680 So.2d at 1161.[4]

The pertinent provision of La. R.S. 9:2784 is subpart C.  It provides that:

> If the contractor . . . without reasonable cause fails to make any payment to his subcontractors . . . within fourteen consecutive days of the receipt of payment from the owner for improvements to an immovable, the contractor . . . shall pay to the subcontractors . . . , in addition to the payment, a penalty in the amount of one-half of one percent of the amount due, per day, from the expiration of the period allowed herein for payment after the receipt of payment from the owner.  The total penalty shall not exceed fifteen percent of the outstanding balance due.  In addition, the contractor . . . shall be liable for reasonable attorney fees for the collection of the payments due the subcontractors. . . .  However, any claim which the court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim.

Id. (emphasis added).

## ANALYSIS

The parties agree that Fisk is not entitled to recover for the fees incurred in its delay claim.  Fisk starts with all of the fees incurred by it, subtracts only those fees solely related to the delay claim, and seeks recovery of the remainder even though a "clear line cannot be drawn between tasks performed to recover the Subcontract balance versus tasks performed concerning other claims."  Rec. doc. 102 at 3.  Defendant starts with a narrow time period, subtracts all of the entries related to the delay claim, and concludes that $20,000 is the reasonable fee.

---

[4]  Where a party prevails on a federal fee shifting statute, the Court employs the twelve factors described in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  While the factors in Johnson and Rivet are not identical, some are substantially the same.  For example, Johnson factor no. 8 is the amount involved and the results obtained.  Rivet factor nos. 1 and 4 are the amount of money involved and the ultimate result obtained.

While acknowledging the difficulty in drawing the line between the tasks performed on the subcontract balance claim and the delay claim, Fisk does not go far enough in allocating time between them.  Defendant, however, goes too far.

Defendant relies on the three time periods set by the District Judge in the order on the parties' cross-motions for summary judgment on whether penalties and attorneys' fees should be awarded.  Rec. doc. 86.  The order does not specify the amount of the penalty for each period.  The parties' presented insufficient information.  Rec. doc. 86 at 5.  Based on the terms of the order, Defendant calculated that no penalty was owed for the first and second periods.  Rec. doc. 96 (Attachment 1).  Fisk's reply does not dispute Defendant's analysis.  Rec. doc. 102.  Because the third period, the only period for which a penalty is owed, is defined as November 8, 2013 to January 13, 2014, Defendant contends that any time earlier than November 8, 2013 is excluded.  Rec. doc. 96.  Its argument leads to an absurd result.  Fisk alleged the subcontract balance claim in its original complaint.  Defendant would deny Fisk recovery of any attorneys' fees for preparation of the original complaint with the claim for the subcontract balance.

Defendant contends that Fisk cannot recover for fees incurred after January 13, 2014 because on that day it tendered $459,833.80 to Fisk.  The District Judge's order reflects this tender.  Rec. doc. 86 at 3, n. 3.  Each of the three periods used to define the penalty owed by Defendant ends on January 13, 2014, the date of Defendant's tender to Fisk.

On November 26, 2013, Fisk moved for partial summary judgment on its subcontract balance claim.  Rec. doc 39.  All briefs were filed by January 14, 2014.  Rec. doc. 60.  The District Judge granted the motion in part on January 27, 2014.  Rec. doc. 61.  After the tender on January 13, 2014, the only matters remaining regarding the subcontract balance claim were

penalties and attorneys' fees.  Based on these circumstances, Fisk is not entitled to recover attorneys' fees after January 13, 2014.

The issue is determining the hours reasonably incurred for the collection of the subcontract balance from June 19, 2012, through January 13, 2014.

$142,100.00 is the total amount of fees incurred by Fisk in this matter.  Rec. doc. 88 (Exhibit 1).  The entries highlighted in blue on Exhibit 1 are the entries that Fisk contends are directly related to the delay claim.  They account for $15,962.50.  Excluding the three entries highlighted in blue after January 13, 2014, the fees incurred by Fisk after January 13, 2014 are $32,937.50.  Accordingly $93,200 is the amount sought by Fisk for the fees incurred by it from June 19, 2012, through January 13, 2014.

|  | | |
|---|---|---|
| Total fees incurred by Fisk | | $142,100.00 |
| Less    Delay Claim Entries | $15,962.50 | |
| Post January 13, 2014 | $32,937.50 | |
| Balance | | $93,200.00 |

The billing records submitted by Fisk do not demonstrate the exercise of billing judgment.  To determine the number of hours reasonably expended on a case, a plaintiff must show that billing judgment was exercised.  Walker v. HUD, 99 F.3d 761, 769 (5th Cir.1996).  Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours.  The remedy for failing to exercise billing judgment is to reduce the hours awarded by a percentage. Id. at 770; and Green v. Administrators of Tulane Educational Fund, 284 F.3d 642, 662 (5th Cir. 2002).  The billing records submitted by Fisk are in quarter hour increments.  In Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 181 (5th Cir.

2007), the Fifth Circuit affirmed reduction for billing judgment because of rounding up in quarter hour increments.

Fisk correctly states that a clear line cannot be drawn for each billing entry between tasks in pursuit of recovery of the subcontract balance and the delay claim.  Rec. doc. 102 at 3.  This is apparent from Fisk's motion to compel.  The discovery request at issue sought information relevant to the claim for the subcontract balance and the delay claim.   Rec. doc. 13 (Memorandum at 3).

Defendant argues that if the recovery of the subcontract balance had been the only claim, the scope of discovery would have been greatly reduced and the case would have been simpler.

Some of Defendants' actions increased the amount of work required by Fisk.   For example, Defendant submitted three oppositions (Rec. docs. 47, 49 and 57) to Fisk's motion for partial summary judgment on its subcontract balance claim (Rec. doc. 39).  Fisk submitted a reply to the first two oppositions (Rec. doc. 54) and a second reply to the third opposition (Rec. doc. 60).  Zealous advocacy has consequences where attorneys' fees are awarded to the prevailing party.

Considering the absence of billing judgment, the inability to precisely segregate the work on the subcontract balance claim from the other claims, and the nature of the claims asserted by Fisk, the Court finds that the fees sought by Fisk for the period from June 19, 2012 through January 13, 2014 must be reduced by forty percent.  The reasonable attorneys' fees for the collection of the subcontract balance are 60% of $93,200.00 or $55,920.00.

## RECOMMENDATION

IT IS RECOMMENDED that: (1) Fisk's motion for attorneys' fees (Rec. doc. 88) be GRANTED in PART and DENIED in PART; and (2) that Fisk be awarded attorneys' fees of $55,920.00.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 27th day of March, 2015.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**