UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FISK ELECTRIC COMPANY                                CIVIL ACTION

VERSUS                                               NO. 13-086-KDE-SS

WOODROW WILSON, et al

### REPORT AND RECOMMENDATION

The defendant, Woodrow Wilson Construction Company, Inc. ("Wilson"), seeks an award of attorneys' fees of $76,654.50 and costs of $2,657.89. Rec. doc. 117. The issue was referred to the assigned Magistrate Judge for preparation of a report and recommendation. Rec. doc. 121. For the reasons described below, it is recommended that Wilson not be awarded fees and costs.

### BACKGROUND

On January 16, 2013, plaintiff, Fisk Electric Company ("Fisk"), filed a complaint against Wilson and Hanover Insurance Company ("Hanover"). Fisk alleged that: (1) Wilson contracted with the Orleans Parish School Board for a school construction project; (2) Fisk was a subcontractor; and (3) Wilson owed sums to Fisk. Rec. doc. 1. Fisk amended its complaint to add a claim for failure to promptly pay as required by La. R.S. 9:2784 (the "Prompt Pay Statute"). Rec. doc. 41.

On January 27, 2014, Fisk's motion for partial judgment was granted in part and denied in part on its claim for the subcontract balance in the amount of $466,625.89. On February 4, 2014, the parties settled some of the claims while reserving others. Rec. doc. 73 at 6.

On March 21, 2014, cross-motions for summary judgment on Fisk's prompt payment claim were submitted. Rec. docs. 74 and 75. Fisk moved that the Court "grant judgment in Fisk's favor for the penalties and fees provided under" the Prompt Pay Statute. Rec. doc. 75 at 1. Wilson

prayed for summary judgment against Fisk denying it relief under the Prompt Pay Statute and for its "reasonable costs and attorney's fees incurred in the defense of this claim." Rec. doc. 74 at 1.

On January 26, 2015, the District Judge: (1) awarded Fisk the fees incurred by it in collecting the additional payments due it under the contract with Wilson; (2) denied Fisk's other requests for fees; and (3) denied Wilson's request for fees under the Prompt Pay Statute. Rec. doc. 86. The District Judge awarded Fisk fees in the amount of $55,920.00. Rec. doc. 111.

Wilson appealed. Rec. doc. 112. The Fifth Circuit reversed and remanded for further proceedings. Rec. doc. 123. The decision states:

> We REVERSE the district court's summary judgment in favor of Fisk and VACATE the award of attorney's fees; we also REVERSE the denial of Wilson's motion for summary judgment and RENDER summary judgment in its favor. The case is REMANDED for further proceedings consistent with this opinion.

Rec. doc. 123 at 8.

Wilson filed a motion for attorneys' fees and costs. It contends that the only remaining issue is the award of fees and costs which it sought in its previously denied motion for summary judgment. Rec. doc. 117. Fisk responds that: (1) its claim for violation of the Prompt Payment Act was not without merit; (2) in the absence of a finding that its claim was without merit, Wilson is not entitled to fees; and (3) the issue of Wilson's entitlement to fees and costs should be resolved before the quantum of fees and costs is submitted for resolution. Rec. doc. 124.

IS DEFENDANT ENTITLED TO FEES AND COSTS

The Prompt Pay Statute provides that:

> If the contractor . . . without reasonable cause fails to make any payment to his subcontractors . . . within fourteen consecutive days of the receipt of payment from the owner . . ., the contractor . . . shall pay to the subcontractors . . ., in addition to the payment, a penalty in the amount of. . . . The total penalty shall not exceed fifteen percent of the outstanding balance due. In addition, the contractor or subcontractor shall be liable for reasonable attorney fees for the collection of the payments due the subcontractors and suppliers. <u>However, any claim which the</u>

2

<u>court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim</u>.

La. Stat. Ann. § 9:2784 (emphasis added). The issue is the application of the emphasized language.

Fisk describes <u>Contractors Supply & Equipment Co-Orleans v. J. Caldarera & Company, Inc.</u>, 734 So.2d 755 (La. App. 5th Cir. 1999), as the only Louisiana reported case where a defendant requested attorneys' fees to defend a Prompt Payment Claim. Rec. doc. 124 at 4-5. In <u>Caldarera</u>, the Court of Appeal found no error in the trial court's denial of the plaintiff's claim for attorneys' fees under the Prompt Payment Statute. "The trial judge determined that the amount demanded by the plaintiff was out of proportion to the amount owed, therefore the defendant had reasonable cause to withhold payments." 743 So.2d at 759. Turning to defendant's contention that the trial court erred in failing to award it fees under the Prompt Payment Statute, the Court of Appeal said:

> The statute states that "any claim which the court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim." However, the plaintiff's claim was not without merit, as it was worth more than what defendant offered. Therefore, the claim was not completely without merit and the trial court was correct in refusing to award penalties and attorney fees to the defendant. We affirm the decision of the trial court on this assignment of error.

743 So.2d at 761.

<u>Caldarera</u> demonstrates that simply because the plaintiff failed to establish a Prompt Pay Statute claim does not mean that the defendant is entitled to recovery of attorneys' fees. A defendant also must demonstrate that the plaintiff's claim is without merit.

In the ruling in favor of Fisk, the District Judge stated:

> [T]he Court . . . is able to conclude that Defendant lacked "reasonable cause" for not paying Plaintiff in the amounts and for the time periods specified below. Accordingly, Plaintiff is entitled to the monetary penalty authorized by La. R.S. 9:2784.

3

Rec. doc. 86 at 5.  The Fifth Circuit, however, concluded that "a Louisiana court would find that Wilson had reasonable cause to withhold payment.  Because Wilson had reasonable cause, Fisk is not entitled to attorney's fees."  Rec. doc. 123 at 8.

Neither party cites authority as to the meaning of "without merit" under Louisiana law.  The Fifth Circuit's decision noted that the Louisiana Supreme Court found that when a statute does authorize the imposition of a penalty it is to be strictly construed.  Rec. doc. 123 at 6 (citing <u>Int'l Harvester Credit Corp. v. Seale</u>, 518 So.2d 1039, 1041 (La. 1988)).  In <u>Boone v. Galveston Independent School District</u>, 126 Fed.Appx. 660 (5th Cir. 2005), the Fifth Circuit considered an appeal from a district court's assessment of sanctions under Fed. R. Civ. P. 11.

> Boone argues that the sanctions were inappropriate because her claim was not baseless.  As we have already determined that Boone's claim was <u>clearly without merit</u>, and because we agree with the district court's conclusion that a reasonable investigation would have revealed to Griffin the "abject frivolity" of his arguments on the merits, we hold that the district court did not abuse its discretion in imposing Rule 11 sanctions.

<u>Id.</u> at 662 (emphasis added).  Inasmuch as Fisk prevailed before the District Judge, it cannot be said that its claim under the Prompt Pay Statute was clearly without merit or that its claim was frivolous.

## **RECOMMENDATION**

IT IS RECOMMENDED that Wilson's application for reasonable costs and attorney's fees (Rec. doc. 117) be DENIED.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 28th day of April, 2016.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**