UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FISK ELECTRIC COMPANY | CIVIL ACTION |
| VERSUS | NO. 13-86 |
| WOODROW WILSON CONSTRUCTION COMPANY, INC. and HANOVER INSURANCE COMPANY | SECTION "N" (1) |

**ORDER AND REASONS**

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections to the Magistrate Judge's Report and Recommendation filed by the defendant, on May 12, 2016 (Rec. Doc. No. 126), hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Accordingly, **IT IS ORDERED** that Defendant Woodrow Wilson Construction Company, Inc.'s application for an award of attorney's fees and costs (Rec. Doc. 117) is **DENIED**.

In making this determination, the Court is guided by the reasoning set forth in *Contractors Supply & EQ-New Orleans v. J. Caldarera & Co.*, 734 So.2d 755, 761 (La. App. 5 Cir. 1999), when considered together with the Court's January 27, 2014 Order and Reasons (Rec. Doc. 61), which granted partial summary judgment in Plaintiff's favor relative to its claimed subcontract balance in the amount of $466,832.80. Even if its January 13, 2014 check to Plaintiff entitled Defendant to a $459,832.80 credit against the $466,832.80 subcontract balance, the remaining

1

difference between the two amounts favors Plaintiff.  Accordingly, Plaintiff did not assert a claim "without merit" for purposes of the attorney's fees and costs authorized by Louisiana Revised Statute 9:2784(C).[1]  As the Court of Appeals noted in its March 8, 2015 opinion, the Louisiana Supreme Court "'has emphasized that statutes providing for punitive penalties are rare, and as such, when the statute does authorize the imposition of a penalty, it is to be strictly construed.'"  *See Fisk Electric Co. v. Woodrow Wilson Const. Co., Inc.*, 816 F.3d 311, 313 (5th Cir. 2015) (quoting *Int'l Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988)).

      New Orleans, Louisiana, this 3rd day of August 2016.

                                                          **KURT D. ENGELHARDT**
                                                          **United States District Judge**

---

[1]    In *Contractors Supply & EQ-New Orleans*, the Louisiana appellate court refused to award either party the attorney's fees and costs authorized by LSA-R.S. 9:2784(C).  In denying the defendant's request, the court explained:

> The statute states that "any claim which the court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim." However, the plaintiff's [contract] claim was not without merit, as it was worth more than what defendant offered. Therefore, the claim was not completely without merit and the trial court was correct in refusing to award penalties and attorney fees to the defendant. We affirm the decision of the trial court on this assignment of error.

See *Contractors Supply & EQ-New Orleans*, 734 So.2d at 761.